IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. KOSCHNICK,<br><br>      Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a corporation,<br><br>      Defendant. | Case No. 2:06-cv-2243-RRB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

      At Docket 14 are Defendants Union Pacific Railroad Company, et al., with a Motion for Summary Judgment re Statute of Limitations. The motion is opposed at Docket 25.[1]

      Defendants argue summary judgment is appropriate because Plaintiff Joseph F. Koschnick: (1) was aware of his alleged knee injuries as early as 1998; and (2) believed that his alleged

---

[1] Inasmuch as the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, the Court concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir.1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

injuries were related to his work by late 2000, or early 2001.[2] As a result, Defendants conclude Plaintiff's injury claim is barred by the three-year statute of limitations applicable to Federal Employers' Liability Act ("FELA") claims.[3] Because Defendant is only partially correct, the Court concludes Plaintiff's claim is not time barred.

Plaintiff's sworn deposition testimony and medical records indicate that he was aware of both his osteoarthritis and meniscus tear injuries to his knees in or around 2000-2001. However, exactly when Plaintiff determined that his knee injuries were related to his work is uncertain.[4]

Consequently, the Court further concludes Defendants are not entitled to judgment as a matter of law because the evidence establishes at least a genuine issue of material fact as to the time that Plaintiff connected his knee symptoms to his job.[5] Defendants' Motion at **Docket 14** is therefore **DENIED**.

ENTERED this 22nd day of February, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[2] Docket 13 at 2.

[3] Id.

[4] That Plaintiff knew his work aggravated his alleged knee injuries does not necessarily mean that he knew his work was the direct cause of the same.

[5] Docket 32 at 2.